**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**Eric & Lisa Strickland**
**Plaintiff,**

**vs.** **Case No.** 3:17-cv-03329

**OneMain Financial Inc.,**
**CT Corporation System,**
**Stamper Services of WV, Inc.,**
**Defendant.**

**COMPLAINT**

1. The Plaintiffs, Eric & Lisa Strickland, are residents of West Virginia.

2. The Plaintiffs are persons who fall under the protection of Article 2 of the West Virginia Consumer Credit and Protection Act (herein "WVCCPA") and is entitled to the remedies set forth in Article 5 of the WVCCPA.

3. The Defendant, OneMain Financial, Inc. is a corporation having its principal offices in a state other than West Virginia and which does business in West Virginia.

4. The Defendant is a debt collector as defined by *West Virginia Code* '46A-2-122(d) engaging directly or indirectly in debt collection as defined by *West Virginia Code* '46A-2-122(c) within the State of West Virginia, including WAYNE County, West Virginia.

5. After the Plaintiffs became in arrears upon the alleged indebtedness to the Defendant, upon their account with Onemain Financial Group, LLC, the Defendant began to engage in collection of such indebtedness through the use of telephone calls placed to Plaintiffs, by written communications and did otherwise communicate with Plaintiffs to collect the alleged debt.

6. The Plaintiffs retained the undersigned counsel to represent Plaintiffs interest in connection with consumer indebtedness on which Plaintiffs had become in arrears.

7. After the Plaintiff became in arrears upon the alleged indebtedness to the Defendant, upon Plaintiff's account with OneMain Financial, Inc., the Defendant began to engage in collection of such indebtedness through the use of telephone calls placed to Plaintiff, by written communications and did otherwise communicate with Plaintiff to collect the alleged debt.
8. The Plaintiff retained the undersigned counsel to represent Plaintiff's interest in connection with consumer indebtedness on which Plaintiff had become in arrears.
9. Thereafter, the Plaintiff mailed a letter to the Defendant by way of the Defendant's agent for service of process at CT Systems advising the Defendant of the Plaintiff's retention of an attorney and providing the Defendant with the name, address, and telephone number of the Plaintiff's attorney.
10. Further, on or about February 8, 2017, a "Stephanie" with OneMain called Eric Strickland's phone from the OneMain telephone number (304) 733-9338.
11. On this call, Eric asked "Stephanie" to stop contacting him.
12. Thereafter, the Defendant continued to place calls to Eric.
13. Upon information and belief, OneMain, C T Corporation Services, and Stamper do not have any polices and procedures on place for the handling, training, or supervision of parties in relation to notices of attorney representation under West Virginia Code 46A-2-128.
14. Upon information and belief, OneMain, at no time, expressed to C T Corporation the importance of having reasonable policies and procedures for the handling of notices of attorney representation under West Virginia Code 46A-2-128.

15. The letter the Plaintiff sent was sent on September 18, 2015 to the Defendant by way of their agent CT Corporation System, 5400-D Big Tyler Road, Charleston, WV 25303.

16. The letter gave Plaintiff's full name as Jeffrey Allen Moses, his address, and his phone number.

17. Defendant OneMain uses C T Corporation Systems as its agent for notice of process, including notices of attorney representation under West Virginia Code 46A-2-128.

18. Upon information and belief, C T Corporation Systems uses a subcontractor Stamper Services of WV, Inc. to process all of the mail sent to C T at 5400-D Big Tyler Road.

19. Upon information and belief, Stamper Services of WV, Inc. received the letter addressed to OneMain at 5400-D Big Tyler Road, Charleston, WV 25303 in or about September of 2015.

20. Upon information and belief, CT Corporation Systems has lost no less than four letters sent by consumers to OneMain, two letters sent to Discover Bank, three letters sent to BB&T, and at least one letter sent to Chase in the last three years alone.

21. As a result of the conduct of the Defendants the Plaintiff's notice of attorney information and request to stop calling was received but not processed.

22. Thereafter, Defendant OneMain continued to cause telephone calls to be placed to the Plaintiff.

23. The Defendant OneMain maintains records of each call placed to the Plaintiff by date, time called, duration of call, the identity of the Defendant's employee and notes or codes placed upon such record by the Defendant's employee.

24. Such records will reflect that the Defendant OneMain placed telephone calls to the Plaintiff's residential telephone number after it appeared that Plaintiff was represented by an attorney and the attorney's name and telephone number were known or could be reasonably ascertained.

25. Upon information and belief, sending a letter to Defendant's registered agent with the secretary of state is a reasonable means of removing authorization to call him under the Telephone Consumer Protection Act.

26. Upon information and belief, the Plaintiff adequately removed the authorization to call under the Telephone Consumer Protection Act by mailing a notice to Defendant One Main's service of process address with C T.

27. Upon information and belief, C T has lost several letters in recent years sent to it as agent for service of process for OneMain and Discover Bank.

28. Corporation Services Company does not lost letters, but C T does.

**COUNT I**

***VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT***

29. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

30. The Defendant has engaged in repeated violations of Article 2 of the *West Virginia Consumer Credit and Protection Act*, including but not limited to,

    a. engaging in unreasonable or oppressive or abusive conduct towards the Plaintiff in connection with the attempt to collect a debt by placing telephone calls to the Plaintiff after the Plaintiff has requested the Defendant stop calling the Plaintiff in violation of *West Virginia Code* '46A-2-125;

b. causing Plaintiffs phone to ring or engaging persons, including the Plaintiffs, in telephone conversations repeatedly or continuously or at unusual times or at times known to be inconvenient, with the intent to annoy, abuse or oppress the Plaintiffs in violation of *West Virginia Code* '46A-2-125;

c. using unfair or unconscionable means to collect a debt from Plaintiff in violation of *West Virginia Code* '46A-2-128 by communication with Plaintiff after it appeared that the Plaintiff was represented by an attorney;

31. As a result of the Defendant's actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT II

## VIOLATION OF THE WEST VIRGINIA COMPUTER CRIMES AND ABUSE ACT

32. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

33. The Plaintiffs are "persons" as defined by *West Virginia Code* '61-3C-3(n) as Plaintiffs are "natural persons."

34. The Defendant, OneMain Financial Group, LLC, is a "person" as defined by West Virginia Code '61-3C-3(n) as Defendant is a "limited partnership, trust association or corporation."

35. The Defendant, with the intent to harass, used an "electronic communication device" as defined by West Virginia Code '61-3C-14a to make contact with the Plaintiffs after being requested by Plaintiffs to desist from contacting the Plaintiffs in violation of *West Virginia Code* '61-3C-14a(a)(2).

36. The Plaintiffs were injured as a result of the violations of the *West Virginia Computer Crimes and Abuse Act* as set forth above.

37. The Defendant's actions violated *West Virginia Consumer Credit and Protection Act* Chapter 46A as described in Count I above and therefore violate this statute as well.

38. Plaintiffs seek compensatory damages for injuries provided by *West Virginia Code* '61-3C-16(a)(1) and punitive damages pursuant to *West Virginia Code* '61-3C-16(a)(2).

39. As a result of the Defendant's actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

## COUNT III

### *VIOLATION OF TELEPHONE HARASSMENT STATUTE*

40. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

41. The Defendant made or caused to be made telephone calls to the Plaintiffs causing Plaintiffs' telephone(s) to ring repeatedly and continuously with the intent to annoy and harass the Plaintiffs in violation of *West Virginia Code* '61-8-16(a)(3).

42. The Plaintiffs were injured by Defendant's violation of *West Virginia Code* '61-8-16(a)(3). As Plaintiffs were injured by Defendant's violation of *West Virginia Code* '61-8-16(a)(3), the Plaintiffs have a civil cause of action for damages Plaintiffs sustained by reason of said statutory violation pursuant to West Virginia Code §55-7-9 which so provides.

43. The Defendant's actions violated West Virginia Consumer Credit and Protection Act Chapter 46A as described in Count I above and therefore violate this statute as well.

44. As a result of the Defendant's actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

## COUNT IV

### *COMMON LAW NEGLIGENCE*

45. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

46. Defendant negligently failed to train, supervise, monitor or otherwise control its employees to ensure that its employees did not violate the WVCCPA as alleged in Count I.

47. The Defendant OneMain, has made no attempt to train or educate CT on OneMain's regulatory requirements under the West Virginia Consumer Credit Protection Act for handling of attorney representation notices.

48. OneMain owed a duty to the Plaintiffs to ensure that they trained their agents for service of process to handle the notices of attorney representation responsibly so that the consumers would not be harassed unnecessarily.

49. As a result of the Defendant's actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT V

### *INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

50. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

51. The following conduct of Defendant was atrocious, intolerable and extreme so as to exceed the bounds of decency:

a. Defendant placed telephone calls to Plaintiffs after Defendant knew that Plaintiffs were represented by an attorney in gross violation of the WVCCPA;

b. Defendant has adopted policies and procedures without regard to West Virginia law, which violate West Virginia law and are designed to, or have the effect of, inflicting emotional distress upon consumers to coerce the consumer to pay money to the Defendant;

c. Insofar as Defendant's violations of the WVCCPA are deemed to be Awillful,@ pursuant to *West Virginia Code* '46A-5-103(4) such conduct is, as a matter of law, criminal conduct punishable by fine and/or imprisonment;

d. Insofar as Defendant's conduct caused a phone to ring with the intent to harass, such conduct is criminal conduct pursuant to *West Virginia Code* '61-8-16(a)(3) punishable by fine and/or imprisonment;

e. Insofar as Defendant's conduct of engaging in telephone conversation with Plaintiffs undertaken with the intent to harass, such conduct is criminal conduct proscribed by *West Virginia Code* '61-8-16(a)(4) punishable by fine and/or imprisonment;

f. Insofar as Defendant's conduct constituted knowingly allowing a phone under Defendant's control to be used to harass any person, such conduct is criminal conduct proscribed by *West Virginia Code* '61-8-16(b) punishable by fine and/or imprisonment.

52. As a result of the Defendant's actions, the Plaintiffs have suffered emotional distress.

53. As a result of the Defendant's actions, the Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

### COUNT VI

### *COMMON LAW INVASION OF PRIVACY*

54. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

55. The Plaintiffs have an expectation of privacy to be free from harassing and annoying telephone calls within the confines of Plaintiffs home.

56. The acts of the Defendant in placing telephone calls to Plaintiffs home telephone number invaded, damaged and harmed Plaintiff's right of privacy.

57. As a result of the Defendant's actions, the Plaintiffs suffered emotional distress.

58. As a result of the Defendant's action, the Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

### COUNT VI

### *VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT*

59. The Plaintiffs incorporates the previous paragraphs as if fully set forth herein.

60. The Defendant used a predictive or otherwise automated dialer system to call the Plaintiffs.

61. The predictive dialer system resulted numerus calls being placed by the Defendant to the Plaintiffs' cell phones.

62. The Plaintiffs removed any consent that may have existed to call the Plaintiffs' cell phone by the act of Plaintiffs sending the Defendant a letter asking the Defendant to stop calling Plaintiffs.

63. Plaintiffs provided the Defendant with Plaintiffs' cell phone number in the letter so Defendant could identify specifically all numbers Defendant may no longer call.

64. As a result of the Defendant's actions, defendant has repeatedly violated the Telephone Consumer Protection Act 47 USCS § 227(b)(1) by:

    a. Making calls to the Plaintiffs' cellular telephone by means of an automatic dialing system.

65. The Defendant's violations of the Telephone Consumer Protection Act were willful to the extent the Plaintiffs repeatedly removed his consent to call his cell phone, and the Defendant ignored him.

As a result of the Defendant's actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

**DEMAND FOR RELIEF**

Plaintiffs demand from the Defendant:

a. Actual damages for the violations of the WVCCPA as authorized by *West Virginia Code* '46A-5-101(1) for all such violations that occurred up to the date and time of the filing of this complaint;

b. Statutory damages in the maximum amount authorized by *West Virginia Code* '46A-5-101(1) as adjusted for inflation pursuant to *West Virginia Code* '46A-5-106 for all such violations that occurred up to the date and time of the filing of this complaint;

c. Plaintiffs cost of litigation, including attorney fees, court costs and fees, pursuant to *West Virginia Code* '46A-5-104;

d. The Plaintiffs be awarded general damages for the Defendant's negligence as alleged in Count II of the Complaint;

e. $500 per violation of the Telephone Consumer Protection Act as provided for in in 47 USCS § 227(b)(3)(B);

f. $1,500 per violation of the Telephone Consumer Protection Act to the extent the violations were willful 47 USCS § 227(b)(3)(C);

g. The Plaintiffs be granted general damages and punitive damages for Defendant's conduct alleged in Count II, III, IV, and V;

h. Such other relief as the Court shall deem just and proper under the attendant circumstances.

**PLAINTIFFS DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE**

**ERIC & LISA STRICKLAND**
BY COUNSEL

BY: /s/Benjamin Sheridan
Benjamin M. Sheridan (# 11296)
Megan Patrick (# 12592)
*Counsel for Plaintiffs*
Klein & Sheridan, LC
3566 Teays Valley Road
Hurricane, WV 25526
(304) 562-7111
Fax: (304) 562-7115